UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FERNANDO PRESTO LUZ,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; TRACY RENAUD, in her official capacity as Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services; GREGORY A. RICHARDSON, Director, Texas Service Center, USCIS, in his official capacity as well as his successors and assigns; MERRICK GARLAND, Attorney General of the United States, U.S. Department of Justice, in his official capacity as well as his successors and assigns; and ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, in his official capacity as well as his successors and assigns,<br><br>    Defendants. | No. 1:21-CV-10720-DLC |

**REPORT AND RECOMMENDATION**

CABELL, U.S.M.J.:

    On April 29, 2021, the plaintiff instituted this action to seek review of the U.S. Citizenship and Immigration Services' denial of his petition for a national interest waiver to allow him to work in the United States as a person with an advanced professional degree. (D. 1). The plaintiff was at all times represented by counsel, attorney Joshua L. Goldstein of the Law

```
```

Offices of Joshua L. Goldstein, PC. On April 30, 2021, a summons was issued on the docket with an instruction to plaintiff's counsel to "download this summons" and "complete one for each defendant and serve it in accordance with Fed. R. Civ. P. 4 and L.R. 4.1." (D. 5).

When no return of service had been made as to any of the defendants by August 10, 2021, this court issued an order advising the plaintiff that it would recommend dismissal of this action if proof of service was not made, or good cause for failing to achieve service was not shown, by August 31, 2021. (D. 6). Notice of the court's order was provided to attorney Goldstein at the email address he provided when he initiated the lawsuit.

The plaintiff thereafter did not make proof of service or attempt to show good cause for his failure to do so by August 31, 2021. Indeed, the plaintiff did not take any action to acknowledge the court's order or advance the lawsuit.

On October 7, 2021, the court's Deputy Clerk sent an email to attorney Goldstein to make him aware of the court's concerns and to inquire about the status of the case. As of the date of this report, however, more than a month later, the court has received no response to its entreaty.

In sum, the plaintiff has not taken any steps to make service or prosecute his case since initiating this action on April 29, 2021, more than six months ago, and has moreover failed to respond

to any court overtures encouraging his participation or requesting information as to his intentions.  The court can only conclude that the plaintiff has decided to no longer prosecute his case.

It is well-established that a court has the inherent authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute. *John's Insulation, Inc. v. L. Addison & Assocs.*, 156 F.3d 101, 108 (1st Cir. 1998); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  While a court should exercise this authority with caution, dismissal is appropriate here.  As the foregoing makes plain, the plaintiff has failed to make service even after being advised that the failure to do so would result in dismissal of the action, and has more simply failed to engage with the court at any level since commencing this action several months ago.  Dismissal is thus wholly appropriate where the plaintiff has effectively abandoned his own lawsuit and left the court with no means to advance the case to a resolution on the merits.

I <u>order</u> therefore that the case be redrawn for assignment to a district judge, and <u>recommend</u> upon reassignment that the case be dismissed, without prejudice, for failure to make service and failure to prosecute.[1]

---

[1] The plaintiff is hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), if he objects to this recommendation he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The plaintiff is further advised that the United States Court of

```
                                        /s/ Donald L. Cabell
                                        DONALD L. CABELL, U.S.M.J.
```

DATED:   November 9, 2021

---

Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).